UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Agim Ziba,

    Plaintiff,

v.                                                     Case No. 10-12654

Rev. Anton P. Kcira, *et al.*,                     Honorable Sean F. Cox

    Defendants.
_____/

## OPINION & ORDER DENYING
## DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

This action is currently before the Court on Defendants' motion seeking to dismiss this action based on the doctrines of res judicata and/or collateral estoppel. The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. As explained below, these doctrines do not bar the claims that Plaintiff seeks to raise in this action – which all are based upon alleged wrongful conduct that occurred *after* the dismissal in the prior state court action. Thus, the claims asserted in this action were not, and could not have been, raised or decided in the prior action. Accordingly, the Court shall DENY Defendants' motion.

BACKGROUND

Plaintiff Agim Ziba ("Ziba") is a naturalized American citizen of Albanian descent, whose religion is Islam. (Compl. at ¶ 5). Ziba alleges his wife is a Roman Catholic and she is a

1

member of Defendant St. Paul's Albanian Parish, along with the couple's three children. (Compl. at ¶¶ 6 & 8).

Defendant Anton P. Kcira ("Kcira") has served as Priest at St. Paul's Albanian Parish for approximately 20 years. (Compl. at ¶ 16). Defendant Frank Ivezaj ("Ivezaj") is the Church Manager. (Compl. at ¶ 14).

Ziba is a professional photographer and videographer who owns his own business. (Compl. at ¶ 18). Plaintiff "relies heavily for much of his income on weddings, communions, anniversaries, or other celebratory events which are sometimes held in a hall owned and operated by Defendant St. Paul." (Compl. at ¶ 7).

The Prior State Court Action:

On or about November 19, 2007, Ziba filed suit against Kcira, St. Paul Albanian Parish, and the Archdiocese of Detroit in Oakland County Circuit. ("the State Court Action). (*See* Ex. A to Defs.' Motion to Dismiss). Ziba's complaint in the State Court Action alleged that "on or about July 7, 2007, Defendant Kcira spoke to a congregation of approximately 600-700 people regarding the Plaintiff" and at that time, "and on prior occasions, Defendant Kcira advised his congregation that Plaintiff was not allowed in their Church because he was 'Muslim' and 'a Taliban.' Furthermore, Defendant Kcira advised his congregation that he would not marry anyone who hired Plaintiff to videotape/photograph their wedding." (State Court Complaint.). Ziba asserted the following claims in the State Court Action: "Defamation" (Count I); "Intentional Infliction of Emotional Distress" (Count II); and "Tortious Interference with Contractual Relations" (Count III).

The parties ultimately settled the State Court Action. On or about May 27, 2008,

Defense Counsel sent Plaintiff's Counsel a letter stating:

> I am clarifying the conversation and understanding I have relative to dismissal of the above captioned matter:
>
> 1.    Mr. Ziba will sign the Parish rules acknowledging acceptance of the rules;
>
> 2.    Mr. Dedvukaj will make a statement on Albanian Television or Radio that the law suit is resolved, and Mr. Ziba is allowed to work for parishioners of St. Paul's in accordance with the parish rules; and
>
> 3.    The Archdiocese of Detroit will pay plaintiff's counsel $5,200.
>
> I am forwarding a stipulated order of dismissal with prejudice for entry with the court.

(Ex. 1 to Pl.'s Resp. Br.). Thereafter, Ziba apparently signed the rules (*Id.*), and on June 9, 2008, a Stipulation and Order of Dismissal with Prejudice was entered in the State Court Action. (Ex. 2 to Pl.'s Resp. Br.). That order simply stated that the matter was "dismissed with prejudice." (*Id.*).

This Subsequent Action:

Ziba filed this action on July 2, 2010, based on federal question jurisdiction. His complaint asserts the following counts: "Violation of Plaintiff's Right to Make and Enforce Contracts under 42 USC § 1981" (Count I); "Respondeate [sic] Superior" (Count II); "False Light Invasion of Privacy" (Count III); "Intentional Infliction of Emotional Distress" (Count IV); "Interference with Advantageous Contractual Relationships" (Count V); "Tortious Interference with Existing Contracts" (Count VI); "Tortious Interference with a Prospective Business Relationship" (Count VII); and "Defamation" (Count VIII).

Ziba's complaint notes the existence of the prior litigation (*see* Compl. at ¶ 22), and states that the "underlying problem, or factual predicate, in the aforesaid case is the same as

3

herein, i.e., Kcira's ongoing defamatory conduct towards Plaintiff consisting of calling him a Taliban, and/or Muslim terrorist, with the intent of justifying his appalling conduct toward Plaintiff, or intimidating St. Paul parishioners from entering into contracts with Plaintiff to perform photographic services for parishioners being married at the church, or holding their reception at the church hall." (Compl. at ¶ 23). The complaint further states:

> Despite settling the aforesaid lawsuit or accepting the benefit conferred by the Archdiocese's legal representation, and payment of a sum of money to end the litigation, *Defendant Kcira has resumed the offensive, bigoted, and wrongful conduct* that he has exhibited toward Plaintiff and his family over at least a 3 year span.

(Compl. at ¶ 24) (emphasis added). Throughout the complaint, Ziba specifies that the alleged wrongful conduct at issue in this case took place *after* June 9, 2008. (*See, e.g.*, Compl. at ¶¶ 29, 33, 34, 35, 48, and 78).

This Court has not yet held the initial scheduling conference in this matter or issued a scheduling order.

On August 6, 2010, Defendants Kcira, Ivezaj, and St. Paul's filed the instant "Motion for [sic] Dismiss and Summary Judgment Pursuant to F.R.C.P. 12(b) and 56." (Docket Entry No. 7).

Plaintiff filed a timely[1] response brief opposing the motion on September 9, 2010. (Docket Entry No. 12).

On September 23, 2010, Defendants Kcira, Ivezaj, and St. Paul's filed a Reply Brief. (Docket Entry No. 14).

On September 24, 2010, Defendant Archdiocese of Detroit filed a Notice of Joinder/Concurrence to the pending motion. (Docket Entry No. 15).

---

[1]Plaintiff requested, and this Court granted, an extension for filing a response brief.

4

ANALYSIS

A.  <u>This Action Is Not Subject To Dismissal Based On Either Res Judicata Or Collateral Estoppel.</u>

In their Motion, Defendants ask this Court to dismiss this action. Defendants assert that "Plaintiff's complaint plainly states, in paragraphs #22-23, that this lawsuit is identical to the previous lawsuit." (Def.'s Br. at 4). Defendants's motion asks the Court to dismiss this action based solely upon res judicata and/or the doctrine of collateral estoppel.[2]

As explained below, these doctrines do not bar the claims that Plaintiff seeks to raise in this action – which all are based upon alleged wrongful conduct that occurred after the dismissal in the State Court Action. Thus, the claims asserted in this action were not, and could not have been, raised or decided in the previous action.

There are three requirements for the doctrine of res judicata (also referred to as claim preclusion) to apply: 1) the prior action must have been decided on its merits, 2) the issues raised in the second case must have been resolved in the first, and 3) both actions must have involved the same parties or their privies. *Limbach v. Oakland County Bd. of Commissioners*, 226 Mich.App. 389, 395 (1997); *see also Sanders Confectionery Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 484 (6th Cir. 1992). Res judicata applies both to claims actually raised in the prior action and to "every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not." *Limbach*, 226 Mich.App. at 396; *Sanders*

---

[2]In this same motion, Defendants also ask this Court to award them $2,500 in sanctions pursuant to FED. R. CIV. P. 11 – although there is no indication in their motion that Defendants complied with the "safe harbor" provision of Rule 11. FED. R. CIV. P. 11(c)(2). Moreover, Rule 11 requires that a motion for sanctions be "made separately from any other motion." *Id.*

*Confectionary Prods., Inc.*, 973 F.2d at 484.

The doctrine of collateral estoppel (also referred to as issue preclusion) dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *N.A.A.C.P. v. Detroit Police Officers Assoc.*, 821 F.2d 328, 330 (6th Cir. 1987). The requirements for the application of collateral estoppel are: 1) the "precise issue raised in the present case must have been raised and actually litigated in the prior proceeding," 2) "determination of the issue must have been necessary to the outcome of the prior proceeding," 3) the prior proceeding must have resulted in a final judgment on the merits; and 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *N.A.A.C.P. v. Detroit Police Officers Assoc*, *supra*, at 330.

Here, the alleged wrongful conduct that forms the basis of Plaintiff's claims in this action did not occur until after the State Court Action had been dismissed.

The "fact that both suits involve essentially the same course of alleged wrongful conduct is not decisive. Such a course of conduct – for example, an abatable nuisance – may frequently give rise to more than a single cause of action." *Cream Top Creamery v. Dean Milk Co.,* 383 F.2d 358, 363 (6th Cir. 1967) (internal citations omitted); *see also Cellar Door Productions, Inc. Of Mich. v. Kay,* 897 F.2d 1375, 1377-78 (6th Cir. 1990).

"Simply put, [Plaintiff] could not have asserted a claim that [he] did not have at the time." *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006). "[R]es judicata does not apply to claims that were not ripe at the time of the first suit." *Id*. Dismissal of Plaintiff's previous suit, based upon Kcira's alleged conduct that occurred in 2007, "does not

prospectively immunize the defendant[s] from liability" for future conduct. *Id.*

Again, the complaint in this action asserts claims based upon alleged wrongful conduct that occurred after the June 9, 2008 dismissal in the State Court Action. Given that the complaint is based upon alleged wrongful conduct that occurred after the dismissal of the State Court Action, the dismissal in that action cannot be given the effect of extinguishing a claim which arose subsequent to the dismissal. *Cream Top Creamery, supra; Cellar Door Productions, Inc., supra; Raw, supra.*

Nor does the doctrine of collateral estoppel apply. That doctrine applies only when the precise issue raised here was raised and actually decided in the prior proceeding. Because the wrongful conduct alleged in this action had not yet occurred when the State Court Action was dismissed, no issues relating to claims based upon that conduct were either raised or decided in the prior proceeding.

Accordingly, this Court declines to dismiss this action based upon the doctrines of res judicata and collateral estoppel.

B.  <u>To The Extent That Defendants' Reply Brief Seeks To Raise New Factual Challenges Or Legal Arguments, The Court Will Not Consider Those Challenges And Arguments.</u>

Following Plaintiff's response to the motion, Defendants filed a seven-page reply brief. Notably, in this brief, Defendants do not address Plaintiff's position that neither res judicata nor collateral estoppel bar this action because the conduct that forms the basis of the claims here did not occur until after the State Court Action was dismissed.

Rather, Defendants make numerous factual challenges to Plaintiff's allegations (*see, e.g.* Reply at 2) (Plaintiff has targeted the parish even though plaintiff knows that he has been suspended and forbidden from performing photograph services since 2002") and appear to raise

entirely new legal challenges to Plaintiff's claims. (*See e.g.*, Reply at 2) (The contracts at issue "are too speculative to form the basis of a § 1981 claim."). These challenges are not appropriately raised for the first time in a reply brief.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss and for Summary Judgment (Docket Entry No. 7) is DENIED.

IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: November 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 8, 2010, by electronic and/or ordinary mail.

                                      S/Jennifer Hernandez
                                      Case Manager