UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Agim Ziba,

    Plaintiff,

v.                                                                                  Case No. 10-12654

Rev. Anton P. Kcira, *et al.*,                                  Honorable Sean F. Cox

    Defendants.

_____/

## OPINION & ORDER

Plaintiff filed this action on July 2, 2010, asserting federal question jurisdiction. This matter is before the Court on: 1) a Motion for Judgment on the Pleadings brought by Defendant Archbishop Vigneron and Defendant Archdiocese of Detroit (Docket Entry No. 24); and 2) a Motion for Judgment on the Pleadings brought by Defendants Kcira, Ivezaj and St. Paul Albanian Parish (Docket Entry No. 26). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, the Court shall DISMISS Count I, the only federal claim asserted in this action, and shall DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims.

## BACKGROUND

Plaintiff Agim Ziba ("Plaintiff") filed this action on July 2, 2010, based on federal question jurisdiction. Plaintiff's complaint asserts the following counts: "Violation of Plaintiff's Right to Make and Enforce Contracts under 42 USC § 1981" (Count I); "Respondeate [sic]

Superior" (Count II); "False Light Invasion of Privacy" (Count III); "Intentional Infliction of Emotional Distress" (Count IV); "Interference with Advantageous Contractual Relationships" (Count V); "Tortious Interference with Existing Contracts" (Count VI); "Tortious Interference with a Prospective Business Relationship" (Count VII); and "Defamation" (Count VIII).

Plaintiff "is a naturalized American citizen of Albanian descent, whose religion is Islam." (Compl. at ¶ 5). Plaintiff alleges his wife is a Roman Catholic and she is a member of Defendant St. Paul's Albanian Parish, along with the couple's three children. (Compl. at ¶¶ 6 & 8).

Defendant Anton P. Kcira ("Kcira") has served as Priest at St. Paul's Albanian Parish for approximately 20 years. (Compl. at ¶ 16). Defendant Frank Ivezaj ("Ivezaj") is the Church Manager. (Compl. at ¶ 14).

Plaintiff is a professional photographer and videographer who owns his own business. (Compl. at ¶ 18). Plaintiff "relies heavily for much of his income on weddings, communions, anniversaries, or other celebratory events which are sometimes held in a hall owned and operated by Defendant St. Paul." (Compl. at ¶ 7).

Count I of his complaint alleges that 42 U.S.C. § 1981 "protect's Plaintiff's right to make and enforce contracts for the provision of his photographic services on the same basis as white persons." (Compl. at ¶ 36). The complaint further alleges that "Plaintiff, an Albanian Muslim, is within the class of persons protected by Section 1981." (Compl. at ¶ 37). It further alleges that "Defendant Kcira, unlawfully discriminated against Plaintiff in his business, i.e., professional photographer because of his religion and race, when he ordered St. Paul parishioners to not use Plaintiff's services as a photographer because he was a Muslim, terrorist, or member of the Taliban." Compl. at ¶ 38).

Count II of his complaint alleges that Kcira's superiors "knew or should have known, since at least March of 2007, and continuing, that Kcira harbored a pathological hatred of Muslims, and had made inflammatory remarks regarding its believers." (Compl. at ¶ 42).

Standard of Decision:

Defendants move the Court under FED. R. CIV. P. 12(c) for judgment on the pleadings. Motions for judgment on the pleadings under FED. R. CIV. P. 12(c) are analyzed under the same standard as motions to dismiss pursuant to FED. R. CI.V P. 12(b)(6). That standard is as set forth in *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the plaintiff, and accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id*. "However, the plaintiff must provide the grounds for its entitlement to relief" and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

## ANALYSIS

A. Plaintiff's § 1981 Claim

Count One of Plaintiff's complaint asserts a claim under 42 U.S.C. § 1981, which provides in pertinent part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by *white citizens*, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (emphasis added). "That section prohibits *racial discrimination* during the scope of a private contractual relationship, including discrimination in the workplace." *Boinapally v. University of Tennessee,* 23 Fed.Appx. 512, 515 (6th Cir. 2001) (emphasis added).

In their motions, Defendants construe Plaintiff's § 1981 claim as being based upon religious discrimination and assert that Count I fails to state a claim because § 1981 does not prohibit religious discrimination.

In response to the motions, Plaintiff's Counsel filed a response brief asserting that "Defendants' contention that Plaintiff is claiming racial or religious discrimination under 42 U.S.C. § 1981 is misconstrued and erroneous." (Docket Entry No. 31 at 6; Docket Entry No. 28 at 6). Plaintiff further states that "**[t]here is no count herein alleging racial or religious discrimination against Defendants as a violation of 42 U.S.C. § 1981.**" (*Id.*) (emphasis added). Thus, despite the fact that his complaint appears to allege otherwise, Plaintiff has expressly disavowed that his § 1981 claim is based on racial or religious discrimination. Rather, Plaintiff contends that his § 1981 claim is based simply on his allegations that Defendants "dissuaded parishioners from doing business with Plaintiff, preventing Plaintiff from making and enforcing contracts for his services at St. Paul Albanian Church and interfering with Plaintiff's right to enforce executed contracts with parishioners." (*Id.*).

In their Reply, Defendants assert that given Plaintiff's admission that his § 1981 claim is not based on racial or religious discrimination, the claim must be dismissed.

The Court agrees that Plaintiff's § 1981 claim must be dismissed.

To the extent that Count I of Plaintiff's complaint asserts a § 1981 claim based upon religious discrimination, Plaintiff fails to state a claim because § 1981 does not prohibit religious

4

discrimination. *See e.g., Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir. 1998) (It is well "settled that Section 1981 does not prohibit discrimination on the basis of gender or religion."); *Runyon v. McCrary*, 427 U.S. 160, 167 (1976) ("42 U.S.C. § 1981 is in no way addressed" to "adherents of a particular religious faith.").

Plaintiff's complaint does allege that he was discriminated upon based upon his race. His complaint, however, does not identify his race or contain any factual allegations as to his race. Rather, his complaint, like the complaint in *Amini*,[1] merely identifies his religion and national origin. (*See* Compl. at ¶ 5) (Plaintiff "is a naturalized American citizen of Albanian descent, whose religion is Islam). Such allegations are insufficient to state a claim under § 1981 because "[t]he Supreme Court has held in *Saint Francis College* that only claims of racial, as opposed to national origin, discrimination are cognizable under § 1981." *Amini,* 259 F.3d at 502.

Moreover, even if a claim of national origin were cognizable under § 1981, Plaintiff's complaint fails to allege a *plausible* claim that he was discriminated against by Defendants based upon his national origin. To state the obvious, Defendant St. Paul Albanian Parish is a church that *identifies itself as Albanian*. Plaintiff's complaint alleges that Defendant Kcira, who has served as the parish priest at St. Paul Albanian church for approximately 20 years, has a status of power, authority and respect in the Albanian community. (Compl. at ¶¶ 1 & 16). Defendants assert in their brief, and Plaintiff does not dispute, "Plaintiff, Mr. Kcira, and Mr. Ivezaj share the same national origin and all identify themselves as Albanian." Thus, it is implausible that Kcira and Ivezaj discriminated against Plaintiff on the basis of his national origin.

Accordingly, for all of these reasons, the Court shall dismiss Plaintiff's § 1981 claim.

---

[1] *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

B.     Supplemental Jurisdiction

Because this Court is dismissing Count I, Plaintiff's only federal claim, this Court must consider whether it should exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

The applicable statute regarding supplemental jurisdiction, 28 U.S.C. § 1367, provides, in pertinent part, that district courts may decline to exercise supplemental jurisdiction over a claim when:

> 1) the claim raises a novel or complex issue of State law;
> 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> 3) the district court has dismissed all claims over which it has original jurisdiction, or
> 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Sixth Circuit has stated that a federal court that has disposed of a plaintiff's federal-law claims "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply, et al.*, 465 F.3d 719 (6th Cir. 2006). "Residual jurisdiction should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh" concerns "over needlessly deciding state law issues.'" *Id.* (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

This is not such a case. Because this Court is dismissing Plaintiff's only federal claim at an early stage in the litigation, the Court shall decline to exercise supplemental jurisdiction and shall dismiss Plaintiff's state-law claims.

## CONCLUSION & ORDER

For the reasons set forth above, Defendants Motions for Judgment on the Pleadings are

GRANTED to the extent that the Court DISMISSES Count I of Plaintiff's Complaint.

Having dismissed Plaintiff's only federal claim, this Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims and therefore DISMISSES Counts II, III, IV, V, VI, VII and VIII of Plaintiff's Complaint.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 7, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager